**Adena Inc. v. Cohn**

*Lloyd G. Parry,* for plaintiff.
*Clifford B. Cohn,* for defendant.

FIELD, *J.,* May 31, 2001—Plaintiff, Adena Inc., brought this action seeking a permanent injunction stay-

ing the arbitration of claims by the Fee Dispute Committee of the Philadelphia Bar Association (FDC). Plaintiff argues that they are beyond the scope of the arbitration agreement between it and its former attorney, Clifford B. Cohn, the defendant. An underlying action for fees brought by Cohn was withdrawn upon the execution of said arbitration agreement. Adena argues that the arbitrators' authority extends only to the issue of the original fees sought. Mr. Cohn maintains that the costs incurred in collecting these fees are also within the arbitrators' purview. After oral argument on a stipulated record, this court held that the agreement as executed allowed the arbitrators to consider all of Mr. Cohn's claims. Thus, by order of March 22, 2001, Adena's request for a permanent injunction was denied. On April 5, 2001, Adena timely filed its appeal. For the following reasons, the injunction was properly denied, and this matter should be remanded to arbitration by the FDC.

Certain facts are undisputed. The parties agree that Mr. Cohn's services were retained by Philippe Malecki, president of Adena Inc., in September 1997. The retainer letter provided that in the event that the attorney had to bring a collection action, the client would be liable for any costs incurred. In late 1998, in conjunction with a divorce action between Mr. Malecki and Carolyn Long, Ms. Long and her parents acquired Mr. Malecki's ownership interest in Adena Inc. Mr. Cohn participated in the negotiation and drafting of the agreement transferring Mr. Malecki's ownership interest to the Longs. Subsequently, Mr. Cohn sent bills for his professional services. The Longs, as current owners of Adena Inc., disputed their liability for services which were originally sought by Mr. Malecki. In June 1999, Mr. Cohn commenced

suit against Adena Inc. and the Longs alleging, inter alia, breach of contract. The suit was withdrawn after counsel for the parties entered into a written agreement to submit their dispute over legal fees to common-law arbitration before the FDC. Exhibit "A" hereto is a true and correct copy of the agreement.

A second dispute arose as to the jurisdiction of the FDC. Adena maintains that the FDC can only consider the amount in Mr. Cohn's original bill, *i.e.,* before he commenced the first action. Mr. Cohn seeks to recover the costs he has incurred seeking to recover these amounts, as well as the original amount. Adena brought the instant action seeking a permanent injunction to bar the FDC from considering any amounts other than the original bill. An arbitration hearing scheduled for May 24, 2000, was postponed by the FDC pending the outcome of this matter.

When a party to an arbitration agreement asks the court to enjoin arbitration, judicial inquiry is limited to determining if a valid agreement to arbitrate exists between the parties, and if so, whether the dispute involved is within the scope of the arbitration agreement. *Smith v. Cumberland Group Ltd.,* 455 Pa. Super. 276, 687 A.2d 1167 (1997). An order enjoining arbitration of a particular grievance should not be granted unless it can be said with positive assurance that the agreement involved is not susceptible of an interpretation that covers the specific dispute. *Wolf v. Baltimore,* 250 Pa. Super. 230, 378 A.2d 911 (1977).

Here, neither party disputes the existence of a valid agreement; the issue is as to its scope. The agreement reads:

"Whereas, a dispute has arisen between Attorney and Client on the amount of legal fees the Attorney is entitled to receive from the Client with respect to services rendered in:

(Type of case handled by the attorney, not the year.)" Exhibit A.

On the agreement, the line above was left blank. Adena's argument is focused on the word "rendered," as follows: "render" means given to or on behalf of. Collection of fees does not benefit the client, but only the attorney. Therefore, the costs of collection are not arbitrable. While there is some cursory appeal to this argument this court declines to adopt such a narrow interpretation, especially in light of the fact that the plaintiff did not even avail itself of limits which could have been provided by filling in the blank line of the form agreement. It cannot be said that the agreement is not capable of the broader interpretation than that which defendant seeks.

Whether defendant is ultimately entitled to his collection costs is a matter for the FDC. Once a court has determined that a valid arbitration agreement exists and that the matter in dispute falls within it, the court is constrained from examining the controversy on its merits. *Messa v. State Farm Insurance Co.,* 433 Pa. Super. 594, 641 A.2d 1167 (1994). The matter must then be referred to the arbitrators who have jurisdiction.

For all of the foregoing reasons, plaintiff's request for a permanent injunction was properly denied. This court's order of March 22, 2001, finding in favor of the defendant and remanding this matter to the Fee Dispute Committee of the Philadelphia Bar Association, should be affirmed.

## EXHIBIT "A"

## PHILADELPHIA BAR ASSOCIATION
## FEE DISPUTES COMMITTEE
## AGREEMENT TO SUBMIT TO
## COMMON-LAW ARBITRATION

This agreement to submit to common law arbitration is entered into by and between Clifford B. Cohn, Esquire referred to herein as Attorney and Adena c/o Hermes referred to herein as Client.

Whereas, a dispute has arising between Attorney and Client on the amount of legal fees the Attorney is entitled to receive from the Client with respect to services rendered in:

_____

(Type of case handled by attorney, not the year)

Now therefore, the parties hereto expressly agree to submit the dispute to common-law arbitration by submitting to the procedures of the Fee Disputes Committee of the Philadelphia Bar Association on the following conditions:

(a) That the final word of the committee shall be final and binding on the parties hereto and shall have the force and effect of a verdict by jury;

(b) That judgment may be entered on the award on application of a party made more than 30 days after an award is made by the committee under 42 Pa.C.S. §7341 (relating to common law arbitration).

(c) On such application on the award in any court of competent jurisdiction, the court shall enter an order confirming the award and shall enter a judgment or decree

in conformity with the order under 42 Pa.C.S. §7342(b) (relating to confirmation and judgment).

The parties intend to be legally bound by this agreement.

| /s/(illegible) | 5/15/99 | /s/(illegible) | 1/19/00 |
|---|---|---|---|
| Attorney | Date | Attorney | Date |
| | | | |
| Client (your signature) | Date | Client (your signature) | Date |